**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JASON I. FARROW,                           :
                                           :       Civil Action No. 12-7654 (RBK)
            Plaintiff,            :
                                           :
      v.                         :       **MEMORANDUM OPINION**
                                           :
CAPE MAY COUNTY PUBLIC           :
DEFENDERS, et al.,               :
                                           :
            Defendants.          :

**APPEARANCES:**

      JASON I. FARROW, Plaintiff <u>pro</u> <u>se</u>
      #697845-765204B
      Kintock 3 Community Release
      50 Fenwick Street
      Newark, New Jersey 07114

**KUGLER**, District Judge

      Plaintiff Jason I. Farrow, a state inmate presently confined

at the Kintock 3 Halfway House in Newark, New Jersey, at the time

he submitted this action for filing, seeks to bring this civil

action <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915.  For the

following reasons, Plaintiff's request to proceed <u>in</u> <u>forma</u>

<u>pauperis</u> will be denied.

                         <u>BACKGROUND</u>

      Plaintiff brings this Complaint against the following

defendants: Cape May County Public Defenders and Oded Weinstock,

Esq. Employed by the Cape May County Prosecutor's Office.

(Complaint, Caption and ¶ 2).  Plaintiff alleges that "[o]n or

about March 8, 2010 to July 7, 2011, an express and/or implied

contract existed between the parties during the defendant's representation of the plaintiff in a criminal matter in the Cape May County Superior Court, whereby the defendant" was obligated to protect Plaintiff's Fourteenth Amendment rights to equal protection and due process of law.  (Compl., ¶ 6).  Plaintiff further alleges that defendants knowingly and purposely breached this contract of representation by fraud and deceit and asserts various claims of malicious prosecution, official and reckless misconduct, misrepresentations, breach of oath, intentional infliction of emotional distress, false imprisonment, racial discrimination, fraud, deceit, abuse of process, malicious use of process and negligence against these  defendants.  Plaintiff seeks compensatory and punitive damages in excess of $ 750,000.00, as well as injunctive relief compelling the Cape May County Public Defender's Office to terminate all contractual ties with defendant Weinstock.

This Court takes notice that Plaintiff filed another action in this Court, alleging almost identical claims against other defendants, on or about December 10, 2012, in <u>Farrow v. Middle Twp. Police Department, et al.</u>, Civil No. 12-7539 (RBK).

<strong><u>DISCUSSION</u></strong>

Plaintiff seeks to proceed with this action <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil

2

action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the

prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court

of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of

serious physical injury."  28 U.S.C. § 1915(g); see also Keener

v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45

(3d Cir. 1997) (holding that frivolousness dismissals prior to

enactment of PLRA count as "strikes" under § 1915(g)).  A

prisoner who has three or more such dismissals may be excused

from this rule only if he is "under imminent danger of serious

physical injury."  Id.  When deciding whether an inmate meets the

"imminent danger" requirement, a court must examine the situation

faced by the inmate at the time of the filing of the complaint,

and a showing of danger in the past is insufficient to

demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d

307, 312 (3d Cir. 2001).

     An examination of court records reveals plaintiff has filed

numerous civil actions in the District of New Jersey.  At least

three of these actions have been dismissed under 28 U.S.C. §§

1915(e)(2) and 1915A.  See, e.g., Farrow v. Township of Middle

Township, et al., Civil No. 03-316 (JBS); Farrow v. Cape May

County Superior Court, et al., Civil No. 09-1636 (RBK); and

Farrow v. Johnson, et al., Civil No. 12-4101 (RBK).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In this Complaint, Plaintiff makes no allegations or claims of "imminent danger."  Rather, the Complaint appears to involve past criminal proceedings and allegations of malicious prosecution and breach of contract and misrepresentation, which are insufficient to show that Plaintiff is in imminent danger of real harm.  As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm. See Abdul-Akbar, 239 F.3d at 312.  Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights.  Rather, this Court finds only that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

4

## **CONCLUSION**

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).  As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the $350.00 filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.  An appropriate Order accompanies this Opinion.


                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge
Dated: December 18, 2012


5